IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DAVID L. SHAW | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:17cv514 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner David Shaw, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Shaw complains of a disciplinary case for assaulting or attempting to assault an officer which he received in June of 2013, some four years and three months prior to signing his habeas petition. He asserted that the charging officer lied and that he complied with every order and laid down on the floor in a prone position. Every officer who saw the video tape also lied by saying that they could not see the incident. According to Shaw, he has "newly discovered evidence" because a nurse who used to be a counsel substitute in disciplinary cases told him a week before he signed his federal habeas petition that he could get a disciplinary case overturned at any time as long as he has witnesses.

After review of the petition, the Magistrate Judge ordered Shaw to show cause why his petition should not be barred by the statute of limitations. Shaw responded by stating that he filed

grievances asking prison officials to review the video because he had simply complied with orders, but everyone who saw the video stated that they were not able to tell what had happened because they could not see inside the cell.

However, Shaw says that years later, he discovered that the officers had lied. Sgt. Cannon, Officer Barnette, and Officer Hudson told him "Shaw, you just laid it down," apparently referring to the incident years earlier. After he spoke to the former counsel substitute, he asked one of the officers who had seen the video if the officer would tell the truth in court, and the officer said yes.

According to Shaw, a major reviewed the tape and saw that Shaw was telling the truth, but Shaw was later called a snitch and threatened by two officers named Smith and Redic. He does not indicate whether or not he has sought to have the case set aside through the administrative processes of the prison since the alleged discovery of the video tape.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Shaw's petition was barred by the statute of limitations and that Shaw did not show any entitlement to equitable tolling or the actual innocence exception to the limitations bar. The Magistrate Judge also determined that Shaw did not set out any valid grounds for habeas corpus relief in that a claim of actual innocence, standing alone, is not cognizable on federal habeas corpus review. Shaw acknowledged that some evidence existed of his guilt in the form of the charging officer's statement that Shaw had assaulted or tried to assault him. Although Shaw refers to the video tape, he does not furnish a copy of the tape, nor does he even allege that he himself has seen it. The Magistrate Judge also recommended that Shaw be denied a certificate of appealability *sua sponte*.

## III. Shaw's Objections to the Report

In his objections, Shaw first asserts that he did not consent to proceed before the Magistrate Judge. His case was referred to the Magistrate Judge for preliminary and pre-trial matters in

accordance with 28 U.S.C. §636(b). No consent is required for such a referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002).

Shaw reiterates that he simply followed orders to lay on the floor and then was beaten although he offered no resistance. Had he known he was going to be assaulted, Shaw states that he would have "fought until there was no more breath in my body." He goes on to state as follows:

> I object because I did in fact talk to the warden and sent him an I-60 to look into the matter and I just recently made a video in the OIG [Office of the Inspector General] office by Mr. Chatman and (GI) Miss Redan because I heard Sgt. Hudson's name on the radio and it affected me so much that I was escorted to speak to psych lady Miss Kiser, who asked me to elaborate and explain what happened and why I was so upset and would I name names and tell them what happened so that they could see that the person who assaulted me would be prosecuted.

Shaw further asserts that he was prevented from filing by a state-created impediment which was removed when he discovered that "I had witnesses that didn't exist until the sgt took it upon himself to verify what I had discussed with him and I came into the knowledge of the fact that the tape did its job but the officers reviewing the tape did not possess the integrity to tell the truth, instead chose to conspire and cover the truth up." He also objects because "due diligence does not exist within TDCJ," asking how so many people could view a tape and claim that they could not see inside the cell. He contends that the video tape is newly discovered evidence, although he acknowledges that "I've never been allowed to review any tape or use of force or disciplinary tapes despite several requests to do so and by this supposedly being a right in order to file my appeals."

Shaw insists that he has set out a viable claim of actual innocence to allow him to evade the statute of limitations, saying that had the disciplinary hearing officer reviewed the tape, he would have found Shaw not guilty. He states that he offers the tape itself as evidence, although he provides no copy of the tape, and maintains that he has presented rare and exceptional circumstances warranting the operation of equitable tolling. Shaw again states that he was prevented from seeking habeas corpus relief by a state-created impediment and asserts that a certificate of appealability should issue because jurists of reason could debate whether the district court was correct.

**IV. Discussion**

Shaw argues that the video tape is newly discovered evidence proving his innocence, thus allowing him to evade the operation of the statute of limitations. However, he does not allege that he has seen the video tape himself, much less furnish a copy to the Court; instead, Shaw relies entirely on hearsay statements from other persons as to what the tape shows.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). The petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*, *citing Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial); *see also House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (the *Schlup* standard is "demanding" and seldom met).

The hearsay statements of third parties telling Shaw what the video tape allegedly shows are not "new reliable evidence" demonstrating actual innocence so as to let Shaw evade the statute of limitations. Nor has Shaw shown any state-created impediment which prevented him from seeking habeas corpus relief in a timely manner; he was aware of the basis of his claim and makes no showing that he could not have sought habeas corpus relief in a timely manner. Although Shaw invokes equitable tolling, he offers nothing to suggest that extraordinary circumstances exist to justify such tolling. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Magistrate Judge correctly determined that Shaw's petition is barred by the statute of limitations.

In any event, as the Magistrate Judge stated, Shaw has not offered any viable basis for habeas corpus relief. His petition is founded upon a claim of actual innocence, in that other persons have told him that the video tape shows he did not assault or attempt to assault the officer. However, a claim of actual innocence, standing alone, is not a cognizable claim for federal habeas corpus relief. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Hoff v. Davis*, civil action no. 7:16cv533, 2017 U.S. Dist. LEXIS 219497, 2017 WL 8293241 (S.D.Tex., December 22, 2017), *Report adopted at* 2018 U.S. Dist. 46584, 2018 WL 1441416 (S.D.Tex., March 21, 2018) (applying actual innocence analysis in habeas challenge to prison disciplinary case). Shaw's petition may be dismissed on this basis as well.

Shaw further contends that he is entitled to a certificate of appealability. The prerequisite for a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

Shaw has made no showing of the denial of a federal right so as to entitle him to a certificate of appealability. His objections to the Magistrate Judge's Report and Recommendation are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

5

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner David L. Shaw is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED January 31, 2019.**

_____
Ron Clark, Senior District Judge